UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RECEIVED
SEP 1 0 2008
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Trustees for the IBEW, LOCAL NO. 1, HEALTH AND )
WELFARE FUND; Trustees for the LOCAL NO. 1, IBEW )
PENSION BENEFIT TRUST FUND; Trustees for the )
IBEW VACATION FUND; Trustees for the IBEW, )
LOCAL NO. 1, APPRENTICESHIP AND TRAINING FUND; )
Trustees for the IBEW-NECA HOLIDAY TRUST FUND; )
Trustees for the ELECTRICIANS' INCOME SECURITY FUND; )
the Trustees for the NATIONAL ELECTRICAL BENEFIT FUND )
the Trustees for the NECA-IBEW MARKET RESEARCH, )
DEVELOPMENT AND PUBLIC RELATIONS FUND; )
THE NECA ADMINISTRATIVE MAINTENANCE FUND )
AND SUBSTANCE ABUSE PROGRAM; and )
LOCAL 1 INTERNATIONAL BROTHERHOOD OF ) Case No 4:08-cv-1361
ELECTRICAL WORKERS, AFL-CIO, )
)
      Plaintiffs, )
v. )
)
DEMAND ELECTRIC, INC.; THE BUSINESS BANK )
OF ST. LOUIS; and PROVIDENCE CONSULTING, LLC, )
)
)
      Defendants. )

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order. The Court, having duly considered the Motion, Memorandum in Support, Verified Complaint and Certification of Plaintiffs' attorney as to efforts made to give Defendants notice, as well as Plaintiffs' Motion for Stay Of Motion For Temporary Restraining Order And Preliminary Injunction only as to Defendants The Business Bank of St. Louis and Providence Consulting, and having heard counsel, hereby finds:

1. Plaintiffs have demonstrated a clear danger of substantial and irreparable injury in the event they are unable to obtain timely access to Demand Electric's employee payroll records, sign-in sheets, schedules, invoices, and related documents so that Plaintiffs may determine the amounts of employer contributions due Plaintiff Funds for work by Demand Electric employees on certain jobs worked during the period of March 2008 through July 2008.

2. Plaintiffs have no adequate remedy at law.

3. Plaintiffs are at risk of harm in that if they are unable to obtain timely access to Demand Electric's records they will be unable to perfect, within the time limits of the bonds, claims on bonds that are available for certain jobs worked by Demand Electric employees.

4. The balance of hardships clearly tips in favor of Plaintiffs in that Defendants will not suffer any damage if ordered to allow Plaintiffs access to the records of Demand Electric needed to perform an audit.

5. Demand Electric has consented to this Order.

6. The Court finds that Brett Vuagniaux, the current or former Chief Financial Officer of Demand Electric, has greater access to Demand Electric's business records than either the Business Bank or Providence Consulting and that Mr. Vuagniaux therefore continues to act as an agent of Demand Electric.

7. Plaintiffs have moved the Court to stay the entry of an order as to Defendants the Business Bank of St. Louis and Providence Consulting pending Plaintiffs' determination whether it is able to gain access to the records required to perform the audit solely from an Order directed to Defendant Demand Electric, Inc., its current and former officers, and other persons acting in conjunction with them or on their behalf.

8. The public interest would best be served by ensuring that Plaintiffs have the information they need to secure the contributions due to the Funds on behalf of Demand Electric's employees and to safeguard the fiscal well-being of the Funds.

Accordingly, for good cause shown,

It is hereby ORDERED, ADJUDGED AND DECREED that Defendant Demand Electric, Inc.; its current and former officers; and any and all persons acting in conjunction with them or on their behalf are hereby temporarily enjoined to:

> Provide Plaintiff's representatives access to Demand Electric's premises and Demand Electric's books and records (including electronic records and all passwords required to access same) in order to make available to Plaintiff Demand Electric's employee payroll records, sign-in sheets, schedules, invoices, and related documents for inspection and copying for the period from March 2008 through the present no later than noon on Friday, September 12, 2008.

This Temporary Restraining Order is in effect until _September 19, 2008 at 9:00 a.m._

There is no bond required for this Temporary Restraining Order.

Hearing on application for Preliminary Injunction set for _September 19, 2008_ at _9:00 a.m._ Courtroom _12 South, 111 S10th St, St. Louis, Mo._

Dated: _September 10, 2008_

_[signature]_
United States District Judge

345934.doc

Cash bond of $100.00 is approved. _[signature]_
September 10, 2008
@ 11:15 a.m.